OPINION
{¶ 1} Defendant-appellant James H. Bell appeals his sentences entered by the Licking County Court of Common Pleas on one count of failure to register, in violation of R.C. 2950.05 (A); and one count of grand theft, in violation of R.C. 2913.02 (A)(1), after the trial court accepted appellant's pleas of no contest and found him guilty as charged. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} The Licking County Grand Jury indicted appellant on one count of failure to register as a sex offender in Licking County Common Pleas Case No. 2004CR00637. While out on bond and prior to the resolution of Case No. 2004CR00637, appellant was arrested on March 19, 2005, for stealing an automobile. The Licking County Grand Jury indicted appellant on one count of grand theft in Licking County Common Pleas Case No. 2005CR00150.
 {¶ 3} Appellant entered pleas of no contest in both cases. On May 17, 2005, the trial court found appellant guilty in Case No. 2004CR00637, failure to register, and deferred sentencing until June 15, 2005. On June 15, 2005, the trial court found appellant guilty of grand theft in Case No. 2005CR00150. The trial court sentenced appellant to four years on the failure to register offense, and one year on the grand theft offense. The trial court ordered the sentences to run consecutively. The trial court memorialized the sentences in separate judgment entries, both filed June 15, 2005.
 {¶ 4} It is from these sentences appellant appeals, raising as his sole assignment of error:
 {¶ 5} "I. THE TRIAL COURT FAILED TO COMPLY WITH THE REQUIREMENTS OF REV. CODE § 2929.14 (E) AND STATE V. COMER IN IMPOSING CONSECUTIVE SENTENCES."
 I {¶ 6} Herein, appellant challenges the trial court's imposition of consecutive sentences, arguing the court failed to make the necessary findings and state its reasons in support of those findings pursuant to State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Specifically, appellant asserts the trial court failed to find consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public, and also failed to state reasons to support a finding the sentences were proportional to his conduct and the threat he poses to the community.
 {¶ 7} Recently, in State v. Foster, ___ Ohio St.3d ___, 2006 Ohio St.3d 856, the Ohio Supreme Court found R.C. 2929.14 (E)(4), which governs the imposition of consecutive sentences, violates the principles announced by the United States Supreme Court inBlakely v. Washington (2004), 542 US 296, 124 S.Ct. 2531, 159 L.Ed.2nd 403; therefore, is unconstitutional. Based uponFoster, we find appellant's sentence is deemed void. Accordingly, we vacate the sentence and remand the matter to the trial court for a new sentencing hearing.
 {¶ 8} The sentences entered by the Licking County Court of Common Pleas are vacated and the matter remanded.
Hoffman, P.J. Farmer, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the sentences entered by the Licking County Court of Common Pleas are vacated and the matter remanded for a new sentencing hearing. Costs are assessed to the State.
[1] A Statement of the Facts is not necessary to our disposition of appellant's assignment of error.